UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC HENRIKSON, an individual;
IRIS KIEVERNAGEL, individually
and as administrator of the
estate of JOSEPH KIEVERNAGEL;
PATSY KIEVERNAGEL; JOSEPH
KIEVERNAGEL; and KATHLEEN
HAMILTON and THOMAS BLOUNT,
individually and as successors
in interest to the estate of
KEVIN BLOUNT,

        NO. CIV. S-06-1563 WBS DAD

    Plaintiffs,

  v.                       MEMORANDUM AND ORDER RE:
                           MOTION TO STRIKE

TURBOMECA, S.A., a French
corporation; LA SOCIÉTÉ
ANONYME TURBOMECA FRANCÉ, a
French corporation; TURBOMECA
USA, a Texas corporation; and
TURBOMECA ENGINE CORPORATION,
a Texas corporation,

    Defendants.

----oo0oo----

        Plaintiffs brought this action against defendants Turbomeca, S.A., a French corporation, La Société Anonyme Turbomeca Francé, a French corporation, Turbomeca USA, a Texas corporation, and Turbomeca Engine Corporation, a Texas

1

1 corporation (together "Turbomeca"), alleging that Turbomeca
2 defectively designed and manufactured a helicopter engine
3 component which led to a helicopter crash that killed two
4 passengers and seriously injured a third.  Defendants now bring a
5 motion to strike portions of plaintiffs' complaint pursuant to
6 Rule 12(f).

7 I.   Factual and Procedural Background

8        The Sacramento County Sheriff's Department owned and
9 operated a Eurocopter EC-120-B single-engine helicopter known as
10 "Star VI."  (Compl. ¶ 57.)  The Star VI was powered by an Arrius
11 2J engine, serial number 34144, containing a fuel control unit
12 ("FCU"), numbered 147-B, manufactured by the French Turbomeca
13 corporations.  (Compl. ¶ 54.)  The FCU 147-B contains a part
14 known as a "constant delta-P valve diaphragm," which acts as a
15 seal between two differently-pressured fuel chambers in the
16 engine.  (Compl. ¶ 41.)  Damage to the diaphragm can result in an
17 excessive delivery of fuel to the engine, which can cause
18 overheating and additional serious engine problems.  (Compl. ¶
19 42.)

20        On July 13, 2005, the Star VI experienced an engine
21 malfunction, which caused the helicopter to crash.  (Compl. ¶
22 77.)  Sheriff's Deputies Joseph Kievernagel and Kevin Blount were
23 killed in the crash.  (Id.)  Sheriff's Deputy Eric Henrikson
24 survived, but sustained severe and disabling injuries.  (Id.)

25        On July 13, 2006, plaintiffs Deputy Eric Henrikson,
26 Iris Kievernagel (Joseph Kievernagel's widow), individually and
27 as administrator of the estate of Deputy Joseph Kievernagel,
28 Patsy Kievernagel (Joseph Kievernagel's mother), Joseph

Kievernagel (Joseph Kievernagel's father), Kathleen Hamilton (Kevin Blount's mother) and Thomas Blount (Kevin Blount's father), individually and as successors in interest to the estate of Deputy Kevin Blount, (together "plaintiffs"), filed a complaint against defendants alleging: 1) strict liability--defective design and manufacture; 2) strict liability--failure to warn; 3) negligence--design, manufacture, and installation; 4) negligence--failure to warn; 5) breach of implied and express warranty; and 6) fraud.  Plaintiffs contend that defendants incorrectly installed the diaphragm inside-out in the FCU 147-B engine, which caused it to deteriorate over time and eventually rupture, thus causing the crash.

In their motion to strike, defendants first object to paragraphs 11 through 37 and 69 through 73 of the complaint, as well as Exhibit A attached thereto, which recount a prior lawsuit and subsequent judgment stemming from a crash involving a different Turbomeca engine in 1993.  (Mot. to Strike 4.)  Defendants contend that these matters would be inadmissible into evidence, and are thus solely prejudicial.  (Id.)  Secondly, defendants object to paragraphs 85 and 89 of the complaint, which contain detailed narratives of Deputies Kievernagel and Blount's experience during the several seconds prior to and during the crash.  (Id.)  Defendants argue that these allegations do not support any claim under which plaintiffs can recover.  (Id.)

II. Discussion

    A.   Legal Standard

Under Federal Rule of Civil Procedure 12(f), the court may strike from any pleadings any "redundant, immaterial,

impertinent, or scandalous matter." "Redundant" has been defined as including allegations that "constitute a needless repetition of other averments or which are foreign to the issue." Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005). "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses pled. Fogerty, 984 F.2d at 1527. "Impertinent" matter is that which does not pertain, and is not necessary, to the issues in question. Id. "Scandalous" has been defined as allegations that "improperly cast[] a derogatory light on someone, usually a party." Wilkerson, 229 F.R.D. at 170.

Such motions are designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Additionally, "motions to strike requests for certain types of relief, such as punitive or compensatory damages, are generally granted if such relief is not recoverable under the applicable law." 2 Moore's Federal Practice, § 12.37[3] at 12-96, 12-97 (Matthew Bender 3d ed. 2000).

Motions to strike are generally disfavored, however, because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Buereerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citation and internal quotations omitted). Rather than avoiding the expenditure of time and money, they most often have the effect of expending more time and money in litigating the motion itself. Furthermore, "motions to strike should not be granted

4

unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." <u>Gay-Straight Alliance Network v. Visalia Unified School Dist.</u>, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

    B.   <u>Prior Litigation and Judgments</u>

        1.   <u>Complaint Paragraphs 11-37 and 69-73</u>

Defendants argue that the references in the complaint to prior litigation and judgments, stemming from a 1993 crash of a helicopter containing a different Turbomeca engine, are prejudicial, inadmissible, and immaterial. First, defendants' contention that these references in the complaint will prejudice the jury against them is simply false. Pleadings such as the complaint, while generally available to the public, are <u>not</u> evidence admitted at trial, nor are they given to the jury for consideration.

Defendants' argument regarding the admissibility of the prior judgments is similarly without merit. Most important, as noted above, the mere inclusion of facts in a complaint does not constitute their admission into evidence. Defendants argue that any facts which would be inadmissible at trial must be stricken, citing to the fact that a motion to strike must not be granted "unless it can be shown that no evidence in support of the allegation would be admissible." (Mot. to Strike 9 (citing <u>United States v. S. Ca. Edison Co.</u>, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004)).) This language simply stands for the principle that when an allegation in a complaint would not be a proper means for relief then striking it may be proper.

5

1      The prior crash and resulting litigation cited in this
2 complaint, however, are not allegations upon which plaintiffs are
3 basing their claims for relief--they are merely facts that are
4 part of a narrative in which plaintiffs' attempt to demonstrate
5 defendants' continuing disregard for safety.  Cf. Fogerty, 984
6 F.2d 1524 (upholding a district courts order to strike
7 allegations against a particular party because they were barred
8 by res judicata and the statute limitations).  Put simply, the
9 determination as to whether evidence is inadmissible is not ripe
10 for decision until an offer has actually been made to introduce
11 the challenged material into evidence.  See Hanley v. Volpe, 305
12 F. Supp. 977, 981 (E.D. Wisc. 1969).
13      Finally, with regard to the "materiality" of these
14 portions of the complaint, defendants are correct that the 1993
15 accident, and resulting litigation, involved a different
16 Turbomeca engine, which malfunctioned because of the failure of a
17 different engine part than at issue here.  However, merely
18 because the prior events would not be direct evidence of the
19 mechanical failure of the FCU 147-B does not mean that they have
20 "no essential or important relationship" to plaintiffs' claims.
21 Specifically, plaintiffs' claim of fraud, as well as their claims
22 of failure to warn, are based on the theory that Turbomeca had a
23 continuing company policy of failing to repair known defects.
24 The complaint cites the 1993 accident in support of this
25 assertion.
26      It is neither necessary nor proper at this stage for
27 the court to assess the merits of such an argument, nor the
28 admissibility of evidence which plaintiffs might proffer in

6

1  support thereof.  It is sufficient to note that the prior events
2  have some "essential or important relationship" to plaintiffs'
3  arguments in support of their claims.  <u>Fogerty</u>, 984 F.2d at 1527;
4  <u>see</u> <u>In Re 2TheMart.Com, Inc. Securities Litigation</u>, 114 F. Supp.
5  2d 955, 965 (C.D. Cal. 2000) (noting that courts generally deny
6  motions to strike allegations in a complaint "[i]f there is any
7  doubt as to whether the allegations might be an issue in the
8  action.") (citing <u>Fogerty</u>, 984 F.2d at 1527).  Therefore, these
9  portions of the complaint will not be stricken.

        2.  <u>Exhibit A</u>

Exhibit A, submitted with the complaint, consists of a newspaper advertisement, published by Turbomeca in the Wall Street Journal following judgment in the previous litigation. The exhibit recounts the facts surrounding the incident, and offers Turbomeca's opinion on the accident, litigation, and final judgment.  In opposition to this motion to strike, plaintiffs assert that Exhibit A is necessary to show Turbomeca's continuing practice of concealing defects, and additionally that it constitutes a key party admission.

The sole purpose of a complaint, however, is to offer a "short and plain statement" of the grounds for relief, so as to put the opposing party on notice.  Fed. R. Civ. P. 8(a).  While the facts surrounding the prior crash, litigation, and judgment arguably may be relevant to plaintiffs' claims for fraud and failure to warn, it is difficult to see the purpose of also attaching Exhibit A.  The facts contained therein are already explicitly included in paragraphs 11-37 and 69-73 of the complaint-- the advertisement does not add anything material to

7

plaintiffs' allegations. These portions of the complaint satisfy Rule 8(a), as they give notice to defendants about plaintiffs' theory of an ongoing company policy of failing to repair defects. Any further repetition of these facts is unnecessary.

Defendants argue that the advertisement constitutes a "party admission." As previously discussed, however, this exhibit is <u>not</u> being introduced into evidence merely because of its inclusion with the complaint, and the failure to include it in the complaint conversely does not preclude its admission. If defendants later seek to have this advertisement admitted into evidence, and plaintiffs object, defendants may at that point raise this evidentiary arguments. Accordingly, the court will strike Exhibit A from the complaint.

C. <u>Non-recoverable Damages--Complaint Paragraphs 85 and 89</u>

Granting a motion to strike is proper when a certain "requested relief . . . is not recoverable as a matter of law." <u>Wilkerson</u>, 229 F.R.D. at 172 (citing California Practice Guide: Federal Civil Procedure Before Trial § 9-389-390); <u>Gay-Straight Alliance</u>, 262 F. Supp. 2d at 1110-11. California's wrongful death statute, under which plaintiffs seek relief, is clear that the damages "are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and <u>do not include damages for pain, suffering, or disfigurement</u>." Cal. Code Civ. P. § 377.34 (emphasis added); <u>see</u> <u>also</u> <u>Vander Lind v. Superior Court</u>, 146 Cal.App.3d 358, 264 (1983) (noting how California courts have "consistently held Code of Civil Procedure section

8

377 and the remedies contained therein completely occupy the field of wrongful death to the exclusion of any other action or remedy.").

Defendants object to paragraphs 85 and 89 in the complaint, because "they appear intended to support claims for emotional distress damages. . . ." (Mot. to Strike 10.) These two paragraphs contain identical descriptions of the experiences of the two deceased deputies in the several seconds prior to and during the crash.[1] The text recounts in detail the deputies' impending knowledge of the crash, the helicopter's eventual impact and destruction, and the lethal injuries and extraordinary pain experienced by the deputies prior to death. (Compl. ¶¶ 85, 89.) Based on these facts, the plaintiffs "allege[] that [the deputies] suffered extraordinary mental anguish and terror in this period of time." (Id.) From this text, it seems clear that plaintiffs are improperly seeking damages for pain and suffering.

In their opposition to this motion, plaintiffs contend that they are not seeking *actual* damages for pain and suffering, only *punitive* damages based on the decedents' pain and suffering, which they argue the statute allows. Such a reading of the statute, while creative, is in direct contravention to the text and purpose of § 377.34, as well as the law interpreting that section. First, it must be noted that the statutory exclusion of "damages for pain, suffering, or disfigurement" does not distinguish between actual and punitive damages--all damages for

---

[1] Paragraph 85 describes deceased Deputy Kievernagel's experience, while paragraph 89 describes deceased Deputy Blount's experience. Other than the names of the officers (and the names of the parties seeking relief) both paragraphs are identical.

9

pain and suffering are unrecoverable.  See <u>Ambruster v. Monument 3: Realty Fund VIII Ltd.</u>, 963 F. Supp. 862 (N.D. Cal. 1997) (refusing to grant damages for pain and suffering); <u>Marron v. Superior Court</u>, 108 Cal.App.4th 1049 (2003) (same).

Moreover, it is well established that under California law, punitive damages may not be assessed absent compensatory damages.  <u>Gagnon v. Cont'l Cas. Co.</u>, 211 Cal.App.3d 1598 n. 5 (1989); <u>Esparza v. Specht</u>, 55 Cal.App.3d 1 (1976); <u>Mother Cobb's Chicken T., Inc. v. Fox</u>, 10 Cal.2d 203, 206 (1937), Cal. Civil Code § 3294.  In a case such as this, where actual damages cannot be recovered for pain and suffering, punitive damages stemming from pain and suffering are also improper.  Accordingly, all language in paragraphs 85 and 89 regarding the description of facts leading to the decedents' mental anguish and terror are to be stricken.

Defendants concede, however, that punitive damages are not wholly improper in this case, because they may be applied to claims in survival actions for destruction of property.  (Mot. to Strike 10-11; see also <u>Pease v. Beech Aircraft Corp.</u>, 38 Cal.App.3d 450 (1974)).  Indeed, paragraphs 84 and 88, immediately preceding the two paragraphs sought to be stricken, describe damage and destruction to various items of the deceased deputies' personal property that occurred as a result of the crash.  Thus, the final sentence in paragraphs 85 and 89, in which the plaintiffs seek "punitive and exemplary damages," will not be stricken, as they are not improper as applied to paragraphs 84 and 88, respectively.

///

10

1    IT IS THEREFORE ORDERED that Exhibit A, and all of
2 paragraphs 85 and 89 except for the final sentence in each be,
3 and the same hereby is, STRICKEN.
4    IT IS FURTHER ORDERED that in all other respects,
5 defendants' motion to strike be, and the same hereby is, DENIED.
6 DATED:  December 12, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE