1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC HENRIKSON, et al.,

11               Plaintiffs,                          No. CIV S-06-1563 WBS DAD

12        v.

13   TURBOMECA, S.A., et al.,

14               Defendants.                          ORDER

15   _____/

16               Defendants have filed a motion to compel answers to interrogatories complaining

17   that all plaintiffs responded to the interrogatories "with identical, meritless objections to each

18   interrogatory and no responsive information whatever."  Defendants' set their motion to compel

19   for hearing before the undersigned on March 28, 2008.

20               The Status (Pretrial Scheduling) Order issued by the assigned district judge on

21   February 6, 2007 includes the following relevant provisions:

22               All discovery, including depositions for preservation of
                 testimony, is left open, save and except that it shall be so
23               conducted as to be completed by January 22, 2008.  The word
                 "completed" means that all discovery shall have been conducted so
24               that all depositions have been taken and any disputes relevant to
                 discovery shall have been resolved by appropriate order if
25               necessary and, where discovery has been ordered, the order has
                 been obeyed.  All motions to compel discovery must be noticed on
26               the magistrate judge's calendar in accordance with the local rules

1

1    of this court and so that such motions may be heard (and any
     resulting orders obeyed) not later than January 22, 2008.
2
        . . . .
3
               Any requests to modify the dates or terms of this
4    Scheduling Order, except requests to change the dates of the final
     Pretrial Conference or trial, may be heard and decided by the
5    assigned Magistrate Judge.

6    (Status (Pretrial Scheduling) Order filed Feb. 6, 2007, at 3 & 5 (emphasis in original).)

7          Defendants' motion to compel answers to interrogatories was not "noticed on the

8    magistrate judge's calendar in accordance with the local rules of this court and so that such

9    motion[] may be heard (and any resulting orders obeyed) not later than January 22, 2008."  To

10   cure this defect, defendants have included in their discovery motion a request that the

11   undersigned modify the February 6, 2007 Status (Pretrial Scheduling) Order to allow defendants

12   to bring their discovery motion and have it heard after the discovery cut-off date.

13         Defendants' request to modify the Scheduling Order is made pursuant to Federal

14   Rule of Civil Procedure 16(b) and is also grounded on the provision of the Scheduling Order that

15   authorizes the assigned magistrate judge to decide any requests to modify the dates or terms of

16   the Scheduling Order, other than requests to change the Pretrial Conference and trial dates.

17   Defendants assert that good cause exists to modify the Scheduling Order because "Turbomeca

18   has been diligent in conducting discovery and propounded contention interrogatories to be

19   answered just before the end of the discovery period when the information, if any, supporting

20   plaintiffs' contentions would be fully developed."  (Defs.' Mot. to Compel filed Mar. 4, 2008, at

21   1.)  Defendants assert further that "Plaintiffs' refusal to answer the interrogatories, apparently

22   based on the assumption that Turbomeca would have insufficient time to bring a motion to

23   compel challenging that refusal, should not be countenanced."  (Id.)  Defendants' request to

24   modify the Scheduling Order is not supported by declarations or briefing.

25         The docket reveals that on February 29, 2008, defendants filed a separate motion

26   to modify the Scheduling Order.  That motion, however, is set for hearing before the assigned

1   district judge on March 31, 2008, and seeks a 60-day continuance of the dates set for Pretrial

2   Conference and trial, as well as new dates for initial and rebuttal expert disclosure and

3   completion of expert depositions.  Defendants assert that there is "good cause for a short

4   extension because, despite the diligence of the parties in completing discovery by the January 22,

5   2008 discovery cut-off, there is insufficient time for the parties to prepare for the Pretrial

6   Conference on June 30, 2008 and trial beginning on August 12, 2008, including the completion

7   of expert disclosure and depositions, determination of dispositive motions, and designation [of]

8   videotaped deposition testimony." (Defs.' Mot. to Modify Scheduling Order filed Feb. 29, 2008,

9   at 2.)  Law and motion cut-off is currently set for March 31, 2008.

10          Discovery closed in this case on January 22, 2008, pursuant to the operative

11  Scheduling Order.  No discovery motion may be filed unless and until discovery has been

12  reopened.  Accordingly, defendants' motion to compel will be denied without prejudice.  If

13  defendants choose to file a motion to re-open discovery, the motion must demonstrate good cause

14  to re-open discovery and for defendants' decision to serve their first set of interrogatories on a

15  date that made plaintiffs' responses due on the discovery cut-off date,[1] in contravention of the

16  order requiring the parties to conduct discovery so that any disputes "shall have been resolved by

17  appropriate order if necessary and, where discovery has been ordered, the order has been obeyed"

18  by January 22, 2008.  The undersigned will not entertain a motion to re-open discovery prior to

19  the district judge's disposition of defendants' February 29, 2008 motion to modify the

20  Scheduling Order with regard to Pretrial Conference and trial.

21  /////

22  /////

23  /////

24

25          [1] Defendants indicate that their first set of interrogatories was "dated December 20, 2007." (Defs.' Mot. to Compel Answers filed Mar. 4, 2008, at 2.)  If the set of interrogatories was served on December 20, 2007, the 30-day period for responding, plus 3 days for service,

26  ended on January 22, 2008, the discovery cut-off date.

1          IT IS ORDERED that defendants' March 4, 2008 motion to compel answers to

2  interrogatories is denied without prejudice, and the motion is dropped from the court's calendar.

3  DATED: March 6, 2008.

4

5                        _____

                           DALE A. DROZD

6                         UNITED STATES MAGISTRATE JUDGE

7  DAD:kw

    Ddad1/orders.civil/henrikson1563.mtc.den

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26