UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC HENRIKSON, an individual;
IRIS KIEVERNAGEL, individually
and as administrator of the
estate of JOSEPH KIEVERNAGEL;
PATSY KIEVERNAGEL; JOSEPH
KIEVERNAGEL; and KATHLEEN
HAMILTON and THOMAS BLOUNT,
individually and as successors
in interest to the estate of
KEVIN BLOUNT,

        NO. CIV. S-06-1563 WBS DAD

    Plaintiffs,

  v.

        ORDER RE: MOTION TO MODIFY
        SCHEDULING ORDER

TURBOMECA, S.A., a French
corporation; LA SOCIÉTÉ
ANONYME TURBOMECA FRANCÉ, a
French corporation; TURBOMECA
USA, a Texas corporation; and
TURBOMECA ENGINE CORPORATION,
a Texas corporation,

    Defendants.

----oo0oo----

    Defendants Turbomeca, S.A., La Société Ananyme Turbomeca France, Turbomeca USA, and Turbomeca Engine Corporation's move to modify the Status (Pretrial Scheduling) Order ("Scheduling Order") pursuant to Federal Rule of Civil

1

Procedure 16(b). A motion to modify a scheduling order is subject to Federal Rule of Civil Procedure 16, which necessitates a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16(b), "good cause" requires a party seeking modification to demonstrate that it assisted the court to create a workable schedule at the outset of litigation, that the scheduling order creates deadlines that have become impracticable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the modification once it became apparent that extensions were necessary. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). "If [the moving] party is not diligent, the inquiry should end." Johnson, 975 F.2d at 609 (internal citation omitted).

There is no dispute that defendants intended to assist the court in creation of a workable schedule at the outset of this litigation. Well over a year ago, defendants discharged their initial Rule 16 obligation by collaborating with plaintiffs on a Joint Status Report in an attempt to facilitate the court's establishment of appropriate guidelines and feasible deadlines. (Pls.' Joint Status Report); Jackson, 186 F.R.D. at 607.

Defendants also demonstrate that, despite diligent efforts to comply with the Scheduling Order, the deadlines have become impractical. Because discovery included deposing several of defendants' witnesses over thirty-two separate videotaped sessions--most of which were a full day long and/or required translation from French to English--designation of the deposition testimony has become a major undertaking in this action. Given

2

the current state of affairs, the court agrees that it is unlikely the parties will be sufficiently prepared to meet the remaining deadlines.  See Jackson, 186 F.R.D. at 609 ("'[N]ew and previously unavailable information' justifies the requested [modification].") (quoting Eckert Cold Storage v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).  Finally, the court finds that defendants were sufficiently diligent in seeking the modification once it became apparent that an extension was necessary.

Accordingly, because defendants demonstrate "good cause" as Rule 16(b) requires, the court will grant their motion to modify the Scheduling Order.[1]

IT IS THEREFORE ORDERED that defendants' motion to modify the Scheduling Order be, and the same hereby is, GRANTED.  The Final Pretrial Conference is reset for August 11, 2008 at 2:00 p.m. in Courtroom 5.  The jury trial is reset for September 9, 2008 at 9:00 a.m. in Courtroom 5.

DATED:  April 1, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] This modification does not alter any deadlines beyond the dates of the Final Pretrial Conference and ensuing trial.  Thus, the deadline for disclosure of expert witnesses will remain May 14, 2008, with rebuttal experts due thirty days later on June 13, 2008.

3